UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAULA HANSEN,

        Plaintiff,

v.                                                Case No. 07-C-939

COLEMAN SCHOOL DISTRICT, et al.,

        Defendants.

**DECISION AND ORDER**

Plaintiff has filed a motion under Civil L. R. 7.4 to compel the production of certain documents she views as discoverable. Defendants have responded with a series of objections, most of which are based on relevance and / or the general perceived weakness of the Plaintiff's case. I address the points of contention below.

By way of context, Plaintiff Hansen was employed as the superintendent of the Coleman School District from 2002-2006. According to the complaint, during the summer of 2005 the school district – which serves less than 800 students – became embroiled in a series of scandals and power struggles evocative of a small-town Watergate. An anonymous letter criticizing Hansen was circulated, which resulted in an investigation into the author's identity. The investigation produced evidence that the author of the letter (an employee upset with the amount of his raise) had pornography on his district-owner computer. Further allegations suggested that Hansen herself was the source of the pornography. Ultimately the employee resigned, but his resignation and the investigation that into the anonymous letter ruffled more than a few feathers, particularly those of

school board member Pillath. The Board of Education, at a September 2005 meeting, entertained a petition that Hansen's contract not be renewed for another term. At an October meeting, protesters carried signs and compared Hansen to Hitler and a witch. This animus against her lasted for nearly a year, at which point the Board decided not to renew Hansen's contract.

Hansen asserts that her performance had always been deemed satisfactory and that it was only when Pillath joined the Board that criticism began. The reasons given for non-renewal of her contract, she asserts, were pretextual and motivated by bias against her based on false information. She asserts she was non-renewed for speaking out about certain events (including those detailed above), in violation of her First Amendment rights. She further claims that the defamation against her deprived her of a property interest and she asserts that the Board's bias against her resulted in a violation of due process.

At issue presently are certain discovery requests. Request 5 seeks certain communications (emails, letters, etc.) that refer to any of the meetings of the school board. Although the original request had sought documents dating back to 2000, Hansen's counsel has modified the request to apply only to communications made in 2005 or 2006. Defendants believe this request is still overbroad. Although Hansen's allegations make clear that her case turns on why she was non-renewed, and many of the actions and words leading up to that event occurred at board meetings, there seems little basis to require disclosure of any communications that discuss any board meeting whatsoever. She does not limit the request to meetings at which her status was discussed; nor does she limit it to communications made by decision-makers. Accordingly, the request appears to be overbroad because it is not linked specifically to the allegations in this case.

Similarly, request 6 seeks speeches or other prepared documents that were made, read, or referred to in those meetings. This request refers to the fact that certain individuals may have consulted, read, or referred to pre-prepared materials during the relevant board meetings. The Defendants protest that this is an overbroad request, and again I agree. The request for production is not limited to materials that refer to Hansen, her non-renewal, or any of the investigations or disputes about the anonymous letter. Moreover, section 1983 liability attaches only to those who acted under color of law, and it is unclear how the activities of other people at board meetings and those who had no decision-making authority could be relevant to her claims.

Request 16 seeks emails, etc., referring to Hansen dating back to the time she was hired in 2002. This, too, is overbroad. Hansen seems to believe that the Defendants' sentiments about her are relevant at any time, but according to the complaint none of the problems arose until the summer of 2005. This case is not a referendum on whether people liked Hansen or whether their opinions about Hansen were justified, it is a case about alleged violations of the Bill of Rights. None of the communications pre-dating 2005 could be expected to shed light on the First Amendment and due process violations she alleges occurred in this case. Still, unlike the other requests, this one is limited to materials that actually discuss Hansen herself rather than a blanket request for all materials. The defendants' communications about her in 2005 and 2006 are potentially relevant, inasmuch as they could evidence an intent to silence Hansen's speech or violate her due process rights; they could also conceivably demonstrate that she was performing her job satisfactorily. But there is no conceivable basis for requiring documents before 2005. Defendants should comply with her request with respect to communications made in 2005 and 2006.

3

Request 17 delves into irrelevant territory. Apparently there was some dispute about funding for a wrestling program. The high school principal failed to obtain permission for funding from Hansen, and this produced a dispute that resulted in some animus between the principal and Hansen. Hansen believes evidence about this issue (certain audit reports) could underscore the principal's bias against Hansen, but bias – especially by an underling – is not unconstitutional. Many workplaces are rife with personal disputes, and bias (in this context) is just a fancy term for dislike. It is not relevant that the principal or others may have disliked Hansen – that's obvious. What's important is whether they defamed her, violated due process or infringed her First Amendment rights; the "merits" of the underlying dispute about funding for wrestling programs are not relevant to any of the Plaintiff's constitutional claims.[1]

Accordingly, the motion to compel is **GRANTED** in part and **DENIED** in part, as set forth above.

**SO ORDERED** this   9th   day of January, 2009.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1]The parties might wish to consult the case of *Bowman-Farrell v. Cooperative Educ. Service Agency 8,* No. 02-C-818, 2007 WL 3046283 (E.D. Wis. October 17, 2007), in which this Court confronted the First Amendment standards in the public education context.